```
ALAMEDA-CONTRA COSTA TRANSIT DISTRICT
OFFICE OF THE GENERAL COUNSEL
CATHLEEN A. WADHAMS, CSB #100434
1600 FRANKLIN STREET, 6TH FLOOR
OAKLAND, CALIFORNIA 94612
(510) 891-4827
```

Attorney for Defendant AC Transit

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BENTON,<br><br>    Plaintiff,<br><br>v.<br><br>ALAMEDA-CONTRA COSTA TRANSIT DISTRICT, et al.<br><br>    Defendants. | NO. CV 08 1073 EMC<br><br>DEFENDANT AC TRANSIT'S ANSWER TO PLAINTIFF'S COMPLAINT |

    Defendant AC Transit District, a governmental entity, answers the allegations of plaintiff's Complaint as follows:

    1.    In response to paragraph 1 of plaintiff's complaint, defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained herein, and on this basis denies the allegations and each of them.

    2.    In response to paragraph 2 of plaintiff's complaint, defendant admits the allegations of this paragraph, except denies the allegation that defendant's legal location is the 4th floor.

    3.    In response to paragraph 3 of plaintiff's complaint, defendant admits to jurisdiction.

    4.    In response to paragraph 4 of plaintiff's complaint, defendant

denies generally and specifically all allegations in this paragraph.

5. In response to paragraph 5 of plaintiff's complaint, defendant denies generally and specifically all allegations in this paragraph.

6. In response to paragraph 6 of plaintiff's complaint, defendant denies generally and specifically all allegations in this paragraph.

7. In response to paragraph 7 of plaintiff's complaint, defendant denies generally and specifically all allegations in this paragraph.

## Factual Allegations

8. In response to paragraph 8 of plaintiff's complaint, defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, denies each and every allegation contained therein.

9. In response to paragraph 9 of plaintiff's complaint, defendant admits issuance of a "Right to Sue Letter", but lacks sufficient information and knowledge to form a belief regarding remaining allegations and denies them on this basis.

## Demand for Jury Trial

Defendant demands a trial by jury.

## Affirmative Defenses

1. Defendant avers that under the principles of comparative negligence, the negligence of plaintiff and or other parties, persons, entities or organizations must be taken into consideration in appropriately allocating negligence with respect to whatever tort-feasor is found to be negligent, if any.

2. Defendant alleges that plaintiff's alleged causes of action are barred by the provisions of Government Codes Sections 815, 815.2, 815.4, 818.8, 8.20.2, 8.208, 821.6, 830.6, 835, 835.2, and other code sections as may be indicated at a later time.

3. Defendant alleges that plaintiff was negligent in and about the

matters alleged in the complaint and that said carelessness and negligence on plaintiff's own part proximately contributed to the happening of events relevant to plaintiff's allegations, and to the injuries, and the loss and damage complained of, if any there were.

4. Defendant and its employees and former employees are immune from liability under Government Code Sections 820.2 and 820.8 from all acts and omissions within the discretion of said persons and entities. Such discretionary acts include, but are not limited to, the setting, establishment, issuance and promulgation of management policies. Said policies include, but are not limited to, all policies pertaining to the selection, training, job assignment, suspension, discharge, supervision, instruction, direction and control of any and all employees of defendant.

5. Defendant has governmental immunity and is not liable for injuries, damages or causes of any kind, except as expressly provided by statute. Such governmental immunity also applies as to all acts and omissions of any employee or former employee acting within the course and scope of his or her employment with AC Transit.

6. Plaintiff has failed to take reasonable action to mitigate his damages, if any there be.

7. Defendant is not liable to plaintiff as each cause of action asserted against defendant fails to state facts sufficient to constitute a cause of action against this answering defendant.

8. Plaintiff's causes of action are barred by the doctrine of estoppel

9. Plaintiff's causes of action are barred by the doctrine of waiver.

10. Plaintiff's causes of action are barred by the doctrine of ratification.

11. Plaintiff's Complaint is barred by various statutes of limitations.

12. Plaintiff's causes of action are barred by plaintiff's failure to exhaust his administrative remedies.

13.     Plaintiff's causes of action are barred by plaintiff's failure to exhaust his contractual remedies.

14.     Plaintiff's causes of action are barred by plaintiff's failure to exhaust and/or perform the statutory prerequisite to filing them.

15.     Plaintiff's causes of action are barred by the doctrine of unclean hands.

16.     Plaintiff's causes of action are barred by the exclusive remedy doctrine of the Workers' Compensation law.

17.     Defendant is exempt from pre-judgment interest pursuant to Civil Code Section 3291.

18.     Plaintiff's Complaint is vague and uncertain, and as such does not identify or describe the underlying facts in sufficient detail for defendant to determine fully what defenses to this action may exist. Defendant presently lacks sufficient information to determine all affirmative defenses that it may have to the allegations of the Complaint and therefore specifically reserves the right to supplement or modify these affirmative defenses as additional information regarding plaintiff's allegations is required.

19.     Defendant states that the injuries and damages plaintiff complains of, if any, resulted from the acts and/or omissions of others, and without any fault on the part of this answering defendant.

20.     Defendant states that all actions taken were undertaken in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper, thus, this defendant is entitled to qualified immunity.

21.     Defendant alleges that defendant's acts were privileged under applicable statutes and case law.

22.     Defendant alleges that plaintiff has failed to allege and/or has not stated facts sufficient to show an affirmative link between defendant and the acts which allegedly violated plaintiff's rights.

23. Defendant alleges that neither plaintiff's complaint nor any of the alleged claims for relief or "causes of action" therein state facts sufficient to constitute a claim for relief against defendant.

24. Defendant alleges that its conduct and/or the conduct of its employees and/or agents was privileged and/or justified.

25. Defendant alleges that all actions undertaken by it regarding and relating to plaintiff were in good faith with reasonable belief that said actions were valid, necessary, and constitutionally and statutorily proper.

26. Defendant alleges that it is entitled to statutory and/or common law immunity and thus is not liable for damages as alleged in plaintiff's complaint.

27. Defendant alleges that plaintiff expressly or implied consented to the matters of which he now complains.

28. Defendant alleges that the claims set out in plaintiff's complaint, and each cause of action therein, are barred due to plaintiff's failure to comply with applicable requirements set forth in the California Government Tort Claims Act.

29. Plaintiff's Complaint and each and every cause of action contained therein, is limited and/or barred by the terms of California Government Code Sections 895-895.8.

30. Defendant alleges that plaintiff's Complaint does not state facts sufficient to constitute a cause of action and that it is barred by plaintiff's failure to comply with applicable notice and claim provisions of California Government Code Sections 905, 910, 910.2, 911.2 et seq., 945.6.
therefore plaintiff's claims bare barred.

31. If defendant is found to be negligent, which is expressly herein denied, the liability of defendant is limited by reason of California Civil Code Section 1431 et seq.

32. Defendant alleges that plaintiff was aware of the names of

1  defendant's employees and/or agents involved in the alleged incident at the time
2  plaintiff filed her Complaint. Therefore, plaintiff is barred from suing such
3  individuals as Doe defendants, or otherwise, in this action.
4      WHEREFORE, Defendant ALAMEDA-CONTRA COSTA TRANSIT
5  DISTRICT prays as follows:
6      1.     That plaintiff take nothing from defendant by his Complaint;
7      2.     That Defendant be awarded judgment in this action:
8      3.     That Defendant be awarded costs of suit incurred herein; and
9      4.     That Defendant be awarded such other relief as this Court deems
10         proper.
11 Dated: March 26, 2008

                                  KENNETH C. SCHEIDIG
                                  GENERAL COUNSEL

                         By:     /S/
                                  Cathleen A. Wadhams
                                  Attorney for Defendant

24 (S:\Cases\W Benton\Ans to Complaint)