1  HOWARD MOORE, JR., SBN 55228
   MOORE & MOORE
2  1563 Solano Ave., No. 204
   Berkeley, CA 94707-2116
3  Telephone:   (510) 452-7172 or (510) 868-8834
   Facsimile:   (510) 528-3024
4  Email: moorlaw@aol.com

5  Attorneys for Plaintiff

6  CATHLEEN A. WADHAMS, SBN 100434
   OFFICE OF THE GENERAL COUNSEL
7  Alameda-Contra Costa Transit District
   1600 Franklin Street, 6th Floor
8  Oakland, California  94612
   Telephone:   (510) 891-4827
9  Facsimile:   (510) 891-4724
   Email: cwadhams@actransit.org

11 Attorney for Defendant

13                 UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

16 | WILLIE BENTON,              ) | Case No.  CV08-1073 SBA
   |                             ) |
17 |        Plaintiff,           ) | Action Filed:
   |                             ) |
18 | v.                          ) | JOINT CASE MANAGEMENT
   |                             ) | STATEMENT and (Proposed) ORDER
19 | ALAMEDA-CONTRA COSTA        ) |
   | TRANSIT DISTRICT, et al.    ) | Date:  May 29, 2008
20 |                             ) | Time:  3:00 p.m.
   |        Defendants.          ) | Telephonic
21 |_____) |

22 1.     Jurisdiction and Service:

23        The Court appears to have federal question jurisdiction over Plaintiff's

24 claims pursuant to 28 USC §1331.

25        Service has been completed over all parties Defendants who have

26 appeared and answered the Complaint.

27 ///

28 ///

Joint Case Management Statement            1

2.  Facts:

   Brief Statement of Facts:

   a)  Plaintiff has been an employee of AC Transit since May, 1979, and at all relevant times was (and currently is) a mechanic in the maintenance department. Plaintiff asserts that in November, 2006 he complained to District management that a slow turnaround time of returning coaches to service was due to the disposal of useable spare parts by Maintenance Superintendent Steve Tracy and/or Maintenance Supervisor Mike Cordeiro, and that following this, Mr. Tracey and Mr. Cordeiro subjected plaintiff to harassment, race and age discrimination, all in retaliation for plaintiff's complaints. Specifically, plaintiff asserts that in April and May, 2007 Mr. Tracey directed Mr. Cordeiro (who became plaintiff's direct supervisor) to assign plaintiff undesirable jobs, singling plaintiff out, instead of rotating the assignments, and that in the same time period Mr. Cordeiro threatened plaintiff and used vulgar and inappropriate language on at least two occasions.

   Defendant denies plaintiff's allegations of harassment, discrimination and retaliation. Mr. Cordeiro did not work directly with Mr. Benton until he signed a day shift in Spring 2007. When Mr. Cordeiro came onto the day shift, his Supervisor, Mr. Tracey, directed him to rotate assignments for all day employees, including plaintiff, for business reasons. This was explained to plaintiff at an informal mediation session held pursuant to the collective bargaining agreement in September, 2007. The District also contends that plaintiff used inappropriate language in his discussions with Mr. Cordeiro and that both employees were advised this type of discourse is unprofessional and must stop.

   Plaintiff obtained a right to sue letter from EEOC on November 5, 2007, and subsequently filed this action.

   b)  Principal factual issues in dispute:

The parties dispute the specifics of various incidents giving rise to plaintiff's Complaint, including the nature and purpose of any job assignments/rotations, and the nature and content of verbal exchanges between plaintiff and Mr. Cordeiro.

3. Disputed Legal Issues:

  1. The legal sufficiency of available evidence to support plaintiff's claims.

  2. The preclusive effect, if any, of immunities applicable to defendant and its employees, including discretionary acts immunity.

  3. The existence of, nature and extent of any damages.

4. Anticipated Motions:

Absent stipulation, Plaintiff anticipates filing a motion for leave to amend his Complaint to add claims and additional parties.

5. Evidence Preservation:

The parties have taken steps to identify any evidence reasonably related to the claims or defenses in this action and to preserve such evidence to the extent it exists. Individuals who continue to work for the Alameda-Contra Costa Transit District have been contacted and informed to search for and maintain any documents in their possession, custody, and control related to Plaintiff and his claims.

7. Initial Disclosures:

Initial disclosures have not been made. The parties mutually agree to exchange Initial Disclosures on or before July 1, 2008.

8. Discovery:

The parties propose that Plaintiff's deposition be taken followed by depositions of his immediate manager and supervisor and other fact witnesses after (1) initial disclosures are exchanged, and (2) the parties have had the opportunity to serve an initial round of written discovery. The parties agree that they will proceed to an agreed-upon form of alternative dispute resolution prior to

conducting any remaining discovery. Discovery subjects are likely to include discovery into each of the factual issues identified in response to 2(b) and the legal issues identified in response to section (3) above.

9.   Class Action:

This is not a class action.

10.  Related Cases:

None.

11.  Relief:

Defendant denies any and all liability. Plaintiff seeks recovery of general and special damages, reasonable attorney's fees and costs. Punitive damages are not available against this public entity Defendant.

12.  Settlement and ADR:

The parties are planning to engage in early settlement discussion. Thereafter, the parties are interested in participating in mediation.

13.  Consent to Magistrate:

Declination has been filed declining.

14.  Other References:

None.

15.  Narrowing the Issues:

Premature.

16.  Expedited Schedule:

Not appropriate in this civil action.

17.  Scheduling:

Listed below.

18.  Trial:

Date of trial:  Week of May 18, 2009

Estimated length of trial:  7 court days

Discovery cut-off:  February 20, 2009

1     Expert Disclosure: November 3, 2008

2     Non-expert Witness Disclosure: April 6, 2009

3     Pre-trial conference: April 20, 2009

4     Last date for hearing dispositive motions: January 26, 2009

5   19.   Disclosure of Non-Party Interested Entities.

6     Defendant is unaware of any non-party interested entities or persons.

7   Dated: May 19, 2008     Moore & Moore
    Attorneys for Plaintiff

9     By:   /S/
    HOWARD MOORE, JR.

11   Dated: May 19, 2008     KENNETH C. SCHEIDIG
    GENERAL COUNSEL
    Attorneys for Defendant

    By:   /S/
    CATHLEEN A. WADHAMS

(S:\Cases\W Benton\Ans to Complaint)