HOWARD MOORE, JR., SBN 55228
MOORE & MOORE
1563 Solano Avenue, No. 204
Berkeley, CA 94707-2116
Telephone: (510) 452-7172 or (510) 868-8834
Facsimile: (510) 528-3024
Email: moorlaw@aol.com

Attorneys for Plaintiff

CATHLEEN A. WADHAMS, SBN 100434
OFFICE OF THE GENERAL COUNSEL
Alameda-Contra Costa Transit District
1600 Franklin Street, 6th Floor
Oakland, CA 94612
Telephone: (510) 891-4827
Facsimile: (510) 891-4724
Email: cwadhams@actransit.org

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BENTON,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA-CONTRA COSTA TRANSIT DISTRICT, et al.<br><br>Defendants. | Case No. CV08-1073 SBA<br><br>Action Filed: February 22, 2008<br><br>JOINT CASE MANAGEMENT STATEMENT and (Proposed) ORDER<br><br>Date: July 30, 2008<br>Time: 3:30 p.m.<br>Via Telephone |

1. Jurisdiction and Service:

The Court appears to have federal question jurisdiction over plaintiff's claims pursuant to 28 USC §1331.

Service has been completed over all parties defendants who have appeared and answered the Complaint.

///

///

///

2. Facts:

Brief Statement of Facts:

a) Plaintiff has been an employee of AC Transit since May, 1979, and at all relevant times was (and currently is) a mechanic in the maintenance department. Plaintiff asserts that in November, 2006 he complained to District management that a slow turnaround time of returning coaches to service was due to the disposal of useable spare parts by Maintenance Superintendent Steve Tracy and/or Maintenance Supervisor Mike Cordeiro, and that following this, Mr. Tracey and Mr. Cordeiro subjected plaintiff to harassment, race and age discrimination, all in retaliation for plaintiff's complaints. Specifically, plaintiff asserts that in April and May, 2007 Mr. Tracey directed Mr. Cordeiro (who became plaintiff's direct supervisor) to assign plaintiff undesirable jobs, singling plaintiff out, instead of rotating the assignments, and that in the same time period Mr. Cordeiro threatened plaintiff and used vulgar and inappropriate language on at least two occasions.

Defendant denies plaintiff's allegations of harassment, discrimination and retaliation. Mr. Cordeiro did not work directly with Mr. Benton until he signed a day shift in Spring 2007. When Mr. Cordeiro came onto the day shift, his supervisor, Mr. Tracey, directed him to rotate assignments for all day employees, including plaintiff, for business reasons. This was explained to plaintiff at an informal mediation session held pursuant to the collective bargaining agreement in September, 2007. The District also contends that plaintiff used inappropriate language in his discussions with Mr. Cordeiro and that both employees were advised this type of discourse is unprofessional and must stop.

Plaintiff obtained a right to sue letter from EEOC on November 5, 2007, and subsequently filed this action.

///

      b) Principal factual issues in dispute:

      The parties dispute the specifics of various incidents giving rise to plaintiff's Complaint, including the nature and purpose of any job assignments/ rotations, and the nature and content of verbal exchanges between plaintiff and Mr. Cordeiro.

3. Disputed Legal Issues:

    1. The legal sufficiency of available evidence to support plaintiff's claims.

    2. The preclusive effect, if any, of immunities applicable to defendant and its employees, including discretionary acts immunity.

    3. The existence of, nature and extent, of any damages.

4. Anticipated Motions:

    Absent stipulation, plaintiff anticipates filing a motion for leave to amend his Complaint to add claims and additional parties.

5. Amendment of Pleadings:

    Plaintiff has indicated an intent to amend the Complaint, and will seek leave of court to do so if defendant does not stipulate to an amendment.

6. Evidence Preservation:

    The parties have taken steps to identify any evidence reasonably related to the claims or defenses in this action and to preserve such evidence to the extent it exists. Individuals who continue to work for the Alameda-Contra Costa Transit District have been contacted and informed to search for and maintain any documents in their possession, custody, and control related to plaintiff and his claims.

7. Initial Disclosures:

    Plaintiff's initial disclosure has been made. Defendant's will be made prior to the Case Management Conference.

///

8. Discovery:

The parties propose that plaintiff's deposition be taken followed by depositions of his immediate manager and supervisor and other fact witnesses after (1) initial disclosures are exchanged, and (2) the parties have had the opportunity to serve an initial round of written discovery. The parties agree that they will proceed to an agreed-upon form of alternative dispute resolution prior to conducting any remaining discovery. Discovery subjects are likely to include discovery into each of the factual issues identified in response to 2(b) and the legal issues identified in response to section (3) above.

9. Class Action:

This is not a class action.

10. Related Cases:

None.

11. Relief:

Defendant denies any and all liability. Plaintiff seeks recovery of general and special damages, reasonable attorney's fees and costs. Punitive damages are not available against this public entity defendant.

12. Settlement and ADR:

The parties are planning to engage in early settlement discussion. Thereafter, the parties are interested in participating in mediation.

13. Consent to Magistrate:

Declination has been filed declining.

14. Other References:

None.

15. Narrowing the Issues:

Premature.

16. Expedited Schedule:

Not appropriate in this civil action.

17. Scheduling:

Listed below.

18. Trial:

Date of trial: Week of May 18, 2009

Estimated length of trial: 7 court days

Discovery cut-off: February 20, 2009

Expert Disclosure: November 3, 2008

Non-expert Witness Disclosure: April 6, 2009

Pre-trial conference: April 20, 2009

Last date for hearing dispositive motions: January 26, 2009

19. Disclosure of Non-Party Interested Entities:

Defendant is unaware of any non-party interested entities or persons.

Dated: July 21, 2008

MOORE & MOORE
Attorneys for Plaintiff

By: /S/
HOWARD MOORE, JR.

Dated: July 21, 2008

KENNETH C. SCHEIDIG
GENERAL COUNSEL
Attorneys for Defendant

By: /S/
CATHLEEN A. WADHAMS

Joint Case Management Statement 6